# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3260

_____

United States of America,            *
                                   *

       Plaintiff - Appellant,    *
                                   *   Appeal from the United States

     v.                      *   District Court for the
                                   *   District of Minnesota.

Modestas Taylor,             *
                                   *        [UNPUBLISHED]

       Defendant - Appellee.   *

_____

Submitted: May 10, 2005
Filed: May 25, 2005

_____

Before WOLLMAN, BRIGHT, and BYE, Circuit Judges.

_____

PER CURIAM.

The government appeals from the district court's order suppressing certain evidence in the prosecution of Modestas Taylor. We remand the case to the district court for further proceedings consistent with this opinion.

Following up on a call of suspicious activity, three uniformed police officers went to a hotel room looking for a white man. The officers knocked on the door and Taylor, a black male, answered. The police entered the room, questioned Taylor, eventually searched the room and found drugs in a pair of men's pants. The police later found more drugs in a cigarette package in the pants. The police arrested Taylor

shortly after discovering the drugs. The police did not, before or after the arrest, read Taylor his <u>Miranda</u> rights.

The government charged Taylor with possession with intent to distribute five grams or more of cocaine base. Taylor filed a motion to suppress evidence. After a hearing on the suppression motion, the magistrate judge issued a report and recommendation, recommending that the evidence and the statements be suppressed. The magistrate judge concluded the statements should be suppressed, because Taylor was in custody when he made the statements and the police had not informed Taylor of his <u>Miranda</u> rights. The magistrate judge also concluded that the evidence found as a result of the search also should be suppressed, because Taylor's consent to the search resulted from an unlawful detention. The government objected to the magistrate judge's recommendation.

The district court issued an order adopting the magistrate judge's report and recommendation and suppressing the evidence. The district court, in suppressing Taylor's statements, agreed with the magistrate judge's determinations that Taylor was in custody and his statements made to police were taken in violation of <u>Miranda</u>. The district court further agreed with the magistrate judge's report and determination that Taylor's consent to search the room was the product of an illegal detention.

The magistrate judge and the district court did not address whether the police legally entered the hotel room. The magistrate judge stated that a police officer testified that Taylor agreed to let the officers in the room, but also noted that Taylor testified that the officers entered the room without asking and immediately began asking questions. The district court in addition observed that a police officer testified that the officers asked to enter the room and did not enter until Taylor acquiesced to the request, but also noted that Taylor testified that the officers "just walked into the room." Neither the magistrate judge nor the district court resolved this conflicting testimony.

If the police did not have permission to enter the hotel room, the statements and evidence obtained would be the fruit of the illegal entry and properly were suppressed. See United States v. Conner, 127 F.3d 663, 666-68 (8th Cir. 1997) (affirming a district court's order suppressing evidence where police illegally entered a hotel room and noting "[i]t is a well-established constitutional principle that law enforcement officers may not enter a person's home without a warrant unless the entry is justified by exigent circumstances or the consent of the occupant"). Moreover, even if Taylor consented to the police officers' entry, such entry does not entitle a non-consensual search of the room. We remand, for a determination of whether or not the police legally entered the hotel room after knocking on the door.

In addition, the magistrate judge did not make explicit credibility determinations in the report and recommendation on the issues. Although some credibility determinations may be inferred by the district court from the magistrate judge's findings and opinion, we cannot determine with sufficient certainty what testimony of Taylor the magistrate judge credited and what testimony of the police officers were credited or discredited by the magistrate judge. On remand, the magistrate judge should make specific credibility findings to determine, in detail, the circumstances of the encounter in the hotel room. These additional findings may bear on unlawful entry and on the custody questions.

We remand this case to the district court for further findings and rulings thereon. We retain jurisdiction. The certified record of such further proceedings shall be forwarded to this court. We request expedition of further proceedings.

_____